FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Surgret Urania Doss**
    **Plaintiff (Pro Se),**

v.                                          CASE NUMBER: 8:19-cv- 2287 TbO TGW

**Hillsborough County, In its Official Capacity,**
**Chad Chronister, In His Official Capacity as Sherriff**
**Of Hillsborough County, Florida, and James Maiello,**
**In his individual capacity,**
    **Defendants**

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Surgret Urania Doss, sues DEFENDANTS HILLSBOROUGH COUNTY, in its official capacity; CHAD CHRONISTER OF TAMPA, in his official capacity as Sherriff of Hillsborough County, Florida; and James Maiello, Individually. Plaintiff is Pro Se and requests this Honorable Court liberally construe this pleading to provide substantial justice. In support of this complaint Plaintiff states the following:

### INTRODUCTION

1. Surgret Urania Doss, ("Plaintiff") who is a citizen of the United States of America, brings this Civil Rights Action as the victim of Violations of his First, Fourth, Fifth, and Fourteenth Amendments, common law battery, common law negligence, malicious prosecution, abuse of process, false imprisonment, and false arrest by defendants James Maiello ("Maiello"), and Hillsborough County, acting within the course and scope of their employment.

2. There was no legal basis for James Maiello stopping, searching and seizing Plaintiff on September 16, 2015. After Maiello stopped Plaintiff, he subsequently arrested Plaintiff



and took him to the Hillsborough County Jail ("Orient Road") despite Plaintiff requesting to be taken before a Judge. While still in cuffs and before being booked into Orient Road, Plaintiff, again, asked to be taken before a judge.

3. Plaintiff alleges that defendant Maiello, employed by the Sherriff of Hillsborough County, currently Chad Chronister ("Chronister") committed the state tort law of torts of battery, false imprisonment, false arrest, intentional infliction of emotional distress, and negligence, which are actionable against Chronister in his Official Capacity.

4. Plaintiff alleges Maiello and Hillsborough County ("County"), via the Office of State Attorney, ("SAO") did maliciously prosecute him and commit abuse of process against him, further causing the intentional infliction of emotional distress, which is actionable against the Hillsborough County in its Official Capacity.

5. Plaintiff alleges under 42 U.S.C. §1983 that defendant Chronister violated the Fourth Amendment because the failure to train Maiello constitutes a policy, custom, or usage that caused the deprivation of Plaintiff's Fourth Amendment Rights.

6. Plaintiff alleges under 42 U.S.C. §1983 that defendant County violated the Fourth Amendment because the failure to adequately train employees of SAO constitutes a policy, custom, or usage that caused the deprivation of Plaintiff's Fourth Amendment Rights.

7. Plaintiff seeks declaratory and compensatory relief, punitive damages from defendant Maiello on the Fourth Amendment claim against him, aas well as fees and costs on the federal civil rights claims.

8. Plaintiff brings this action for money damages and injunctive relief for violations of state and federal rights, and state and federal laws to include violations of 42 U.S.C. §1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and state tort claims for intentional infliction of emotional distress; and all issues arising from state actions for which the state waives sovereign immunity for incidents arising from State tort Law violations under Florida Statute 768.28.

9. This action arises under Florida common law and the Constitution and laws of the United States. This court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, and jurisdiction over the supplemental state law claims pursuant to 28 U.S.C. § 1367.

10. All incidents material to this action occurred in Hillsborough County, Florida, and defendant Chronister is a state constitutional officer serving Hillsborough County, Florida. Venue is appropriate in this Court pursuant to Local Rule 1.02(b)(4).

## THE PARTIES

11. Plaintiff, Surgret Urania Doss, is an adult United States Citizen and, at all times relevant, was a resident of the State of Florida and Hillsborough County. He was 47 years old at the time Maiello violated his constitutional rights.

12. Defendant Chad Chronister is the Sheriff of Hillsborough County, Florida, and is sued in his official capacity as a state constitutional officer on the supplemental state law claims of battery and negligence, and on the Fourth Amendment municipal policy claim.

13. Defendant James Maiello was, at all relevant times, a deputy employed by the Hillsborough County Sheriff's Office, and is sued in his individual capacity on the Fourth Amendment claims and all violations under Color of Law.

14. Hillsborough County, Florida is a political subdivision of the State of Florida and at all times relevant was engaged in conduct which was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered by Plaintiff as a result of these violations.

## FACTS

15. On September 16, 2015, Maiello, seized Plaintiff close to the intersection of US 301 and Interstate 275.

16. After seizing Plaintiff, Maiello, Plaintiff requested Maiello, immediately, take him before a judge; not directly to jail.

17. Maiello refused to take Plaintiff to a judge and instead arrested Plaintiff and took him to Orient.

18. When Maiello and Plaintiff arrived at Orient, Plaintiff asked the "intake personnel" to take him before a judge immediately; the intake personnel refused the request.

19. The intake personnel booked and processed Plaintiff into Orient without seeing a judge.

20. Plaintiff spent several hours in Orient under stressful conditions.

21. Plaintiff's family paid the bond to ensure Plaintiff's release from Orient.

22. Maiello filed a criminal report affidavit accusing Plaintiff of, inter alia, speeding, and driving while license revoked.

23. County, via SAO, prosecuted the action as a criminal proceeding but never provided any discovery to substantiate any of the charges or claims.

24. After several months of hearings and County attempting to prosecute Plaintiff on criminal charges, the court dismissed the action.

25. Plaintiff continues to suffer, mental and emotional distress, humiliation, pain and suffering, and other non-economic losses as a result of defendant Maiello's unreasonable stop and seizure of Plaintiff on September 16, 2015.

### COUNT I

(State Law Negligence Claim Against Defendant Chad Chronister, in his official capacity)

Plaintiff sues defendant Chad Chronister in his official capacity and states:

26. All allegations of paragraphs 1 through 25 are realleged in full and adopted herein.

27. Defendant Maiello negligently harmed Plaintiff, which is actionable against Chad Chronister, Sheriff of Hillsborough County, in his official capacity, pursuant to § 768.28(9), Fla. Stat.

28. Defendant Maiello owed a duty of reasonable care to Plaintiff but breached that duty, and in so doing inflicted emotional distress that remains with Plaintiff.

29. As a result of defendant Maiello's negligence, Plaintiff suffered the losses described above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Surgret Urania Doss, prays that this Court will enter relief in the following terms:

1. A judgment for declaratory and compensatory relief on all Counts up to the maximum amount (over $75,000) allowable by law;

2. A judgment for punitive damages up to the maximum amount allowable by law (over $75,000);

3. An award of standard costs and fees;

4. Such other relief as the Court deems just and proper.

Plaintiff requests a trial by jury.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: September 13, 2019

Surgret Urania Doss
c/o 3612 North 55th Street
Tampa, Florida 33619
(813) 397-9350
Email: surgretdoss@gmail.com