UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURGRET URANIA DOSS,

v. CASE NO. 8:19-cv-2287-T-60TGW

HILLSBOROUGH COUNTY, in its official capacity, CHAD CHRONISTER, in his official capacity as Sheriff of Hillsborough County, Florida, and JAMES MAIELLO, in his individual capacity.

---

REPORT AND RECOMMENDATION

This cause come on for consideration upon the plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). The plaintiff seeks waiver of the filing fee for his complaint, which suggests various claims surrounding his arrest and subsequent prosecution in state court, but only alleges one count of negligence (id. at 4–5). Because the complaint is deficient, I recommend that the complaint be dismissed, but afford the plaintiff the opportunity to file an amended complaint.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Furthermore, even

if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff had filed suit against three defendants: Hillsborough County, in its official capacity; Hillsborough County Sheriff Chad Chronister, in his official capacity; and James Maiello, in his individual capacity (Doc. 1, p. 1). The plaintiff states that he was arrested by Deputy James Maiello on September 16, 2015, for speeding and driving with a revoked license (id. at 1, 4). The plaintiff had requested that Maiello immediately take him before a judge, but Maiello instead took the plaintiff to the Hillsborough County Jail (id. at 2). At the jail, the plaintiff again asked intake personnel to take him before a judge, but they refused his request (id. at 4). After several hours, the plaintiff's family paid his bond (id.). The plaintiff states that Maiello and Hillsborough County, "via the Office of the State Attorney," maliciously prosecuted him and committed abuse of process, causing intentional infliction of emotional distress (id. at 2). The plaintiff states that he was prosecuted in a criminal proceeding, but was "never provided any discovery to substantiate any of the charges or claims" (id. at 5).

The plaintiff references violations of federal and state law in the "Introduction" of his complaint, but he fails to allege facts to support any cognizable claim. Specifically, the plaintiff states violations "of his First, Fourth, Fifth, and

Fourteenth Amendments, common law battery, common law negligence, malicious prosecution, abuse of process, false imprisonment, and false arrest by defendants James Maiello ("Maiello"), and Hillsborough County, acting within the course and scope of their employment" (id. at 1).

The plaintiff neglects to plead any violations of federal law in the "Counts" section of his complaint. Rather, the plaintiff articulates only one count of state law negligence (id. at 5). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367(a). Consequently, for this court to have supplemental jurisdiction over state law claims—since diversity has not been alleged—the plaintiff must plead separate counts for the alleged constitutional violations arising under 42 U.S.C. 1983.

Moreover, under the Federal Rules of Civil Procedure, the plaintiff must provide "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." See Rules 8(a)(1)–(2), F.R.Civ.P. Consequently, the plaintiff's complaint is inadequate under the Federal Rules of Civil Procedure.

Based on the plaintiff submissions, it appears that the thrust of the plaintiff's claims is that he suffered infliction of emotional distress following his arrest, he was entitled to be taken immediately before a judge before being brought to jail, and he was maliciously prosecuted because he was not provided discovery during his criminal proceedings. The plaintiff is misguided about his rights under state and federal law.

The plaintiff's complaint is conclusory regarding the defendants' actionable conduct. A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). For a claim to be facially plausible, the court must be able to reasonably infer from the facts that the opposing party is liable for the alleged misconduct. Id. A plaintiff must provide the grounds of his entitlement to relief, which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

Regarding the plaintiff's negligence claim, it is unclear whether the plaintiff is claiming general negligence, negligent infliction of emotional distress (NIED), or intentional infliction of emotional distress (IIED), particularly since the plaintiff has not adequately alleged facts supporting his claim of negligence. The plaintiff appears to conflate general negligence and some form of infliction of

emotional distress (see Doc. 1, p. 5). If the plaintiff is claiming NIED, the plaintiff must have suffered a physical injury. Zell v. Meek, 665 So.2d 1048, 1054 (Fla. 1995) (stating the elements of NIED: "(1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person"). In all events, the plaintiff's assertions do not establish any cognizable negligence claim, since it is not properly supported by factual allegations.

Regarding the plaintiff's claim about being entitled to be taken immediately before a judge following his arrest, the plaintiff has no such right. Florida law requires "every arrested person shall be taken before a judicial officer, either in person or by electronic audiovisual device in the discretion of the court, within 24 hours of arrest." Rule 3.130(a), Fla.R.Crim.P. The plaintiff states that he "spent several hours in Orient under stressful conditions" and that his "family paid the bond to ensure Plaintiff's release" (Doc. 1, p. 4). It is unclear how many hours the plaintiff spent at the Hillsborough County Jail before he was released. But if, as it appears, this time period was less than 24 hours, the plaintiff does not have a cognizable claim.

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint

is procedurally deficient and fails to state a claim upon which relief may be granted. The plaintiff has only alleged one count of state law negligence, and that count fails because the plaintiff has not alleged facts showing negligence. Even though the plaintiff has suggested various claims in other parts of his complaint, he nevertheless has pled only one count of negligence (see Doc. 1, p. 5). For these reasons, the plaintiff's complaint is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260-61 n.5 (11th Cir. 2002) (Section 1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15.).

The plaintiff is advised that an amended complaint must identify each defendant under each count, and for each count identify in separate numbered paragraphs the pertinent facts which support the contention that the defendants acted in violation of law. See Rule 10(b), Fed.R.Civ.P.; McNeil v. U.S., 508 U.S. 106, 113 (1993) (pro se litigants must comply with the procedural rules that govern pleadings). The Hillsborough County Library has form books which provide sample formats for federal lawsuits, and contains copies of the Federal Rules of Civil Procedure. The Court's website also has helpful information. See www.flmd.uscourts.gov.

I therefore recommend that the complaint (Doc. 1) be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure. I further recommend that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) be deferred pending an opportunity for the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: October 21, 2019

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.